IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 4, 2021

**KELVIN DEWAYNE GOLDEN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-20-220        Roy B. Morgan, Jr., Judge**

_____

**No. W2020-01617-CCA-R3-PC**

_____

After being convicted of aggravated sexual battery, Kelvin Dewayne Golden, Petitioner, appealed his conviction and sentence. *State v. Kelvin Dewayne Golden*, No. W2018-01477-CCA-R3-CD, 2019 WL 3412527, at *1 (Tenn. Crim. App. July 20, 2019), *perm. app. denied* (Tenn. Oct. 14, 2019). They were affirmed on appeal. *Id.* He subsequently sought post-conviction relief on the basis of ineffective assistance of counsel. The post-conviction court denied relief after a hearing. Petitioner appeals. After a thorough review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J. and D. KELLY THOMAS, JR., J., joined.

Joseph T. Howell, Jackson, Tennessee, for the appellant, Kelvin DeWayne Golden.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Jody S. Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In January of 2018, Petitioner was indicted by the Madison County Grand Jury with rape of a child. After a jury trial, Petitioner was convicted of aggravated sexual battery. Petitioner was sentenced to ten years at 100 percent. On direct appeal from his conviction and sentence, this Court determined that the evidence was sufficient to support the conviction and that the trial court did not abuse its discretion in sentencing Petitioner to a ten-year sentence. *Id.* at *4. The Tennessee Supreme Court denied permission to appeal.

Subsequently, Petitioner filed a timely pro se petition for post-conviction relief in which he made various allegations of ineffective assistance of counsel. Specifically, Petitioner alleged that trial counsel failed to discover and/or argue to the trial court that there was a "fatal variance/constructive amendment" to the indictment; trial counsel failed to present "Brady/impeachment information via mental health expert"; trial counsel failed to seek exclusion of the testimony of L.B.[1] at trial; and trial counsel failed to argue that aggravated sexual battery was not a lesser included offense.

The post-conviction court appointed counsel. Counsel did not file an amended petition. At an evidentiary hearing, when asked by post-conviction counsel, Petitioner admitted that he failed to submit the original petition under oath but testified that the "facts alleged in [the] petition [were] substantially true and correct."

Petitioner explained that he was represented by counsel at trial and that he was found guilty of aggravated sexual battery. His appeal was denied. Petitioner explained that trial counsel "should have argued the fact that they didn't have essential evidence" in the form of injury or DNA to convict him.

Petitioner also complained that trial counsel failed to "give the alleged victim [L.P.] a mental evaluation" because of inconsistencies in his testimony and statement. Petitioner pointed out that L.B. "admitted that she had lied" and trial counsel failed to adequately impeach her testimony at trial.

Petitioner was disappointed trial counsel did not mention the fact that even though he was deemed competent to stand trial, he had "paperwork" to prove that he was incompetent to stand trial. Petitioner claimed he told trial counsel he had previously gone to a mental facility but that trial counsel failed to present that information at trial, telling Petitioner "it could help or it could hurt."

Petitioner also complained that trial counsel did not ask for a dismissal when the trial court "dropp[ed the] case to a lesser included offense because aggravated sexual battery is not a lesser included offense of rape of a child." Petitioner also complained that the wording of the indictment was confusing because it used the word "with"[2] which indicated that more than two people were involved.

---

[1] It is the policy of this Court to identify minor victims of sexual abuse by their initials. While L.B. is not the victim, we have chosen to use her initials to protect her identity.

[2] According to the exhibit to the post-conviction hearing, the indictment alleged that Petitioner "did intentionally, knowingly, and/or recklessly engage in sexual penetration with [the victim], . . . ."

On cross-examination, Petitioner admitted that the jury found him guilty of aggravated sexual battery after hearing the proof at trial and resolving any inconsistencies in the testimony. Petitioner maintained that the wording of the indictment was misleading because it seemed to indicate that the victim and Petitioner were having sex with a third person because of the use of the word "with."

Petitioner also claimed that trial counsel failed to properly investigate certain aspects of the case, specifically with regard to asking Petitioner's mother to speak with the victim's mother to determine whether the victim had a penchant for lying. Had it not been for trial counsel's ineffective representation, Petitioner thought that the case "would most likely be dismissed."

Trial counsel, an assistant public defender, was appointed to represent Petitioner at trial. He recalled Petitioner was charged with rape of a child but convicted of aggravated sexual battery.

Trial counsel described Petitioner as competent. He had represented Petitioner on another case and recalled having discussions with Petitioner about various motions and issues with regard to this case. Trial counsel felt that Petitioner understood the discussions and "didn't see a need" for "any other type evaluation." Trial counsel was aware of "treatment" that Petitioner may have had as a juvenile but did not "think it came to the level of competency or insanity."

Trial counsel acknowledged that it was not uncommon for witnesses to have inconsistent statements. Trial counsel explained that "generally speaking[,]" he would "point that out at trial to the jury." Trial counsel remembered that there were some "inconsistencies about who all was present" at the time of the incident.

Trial counsel did not see "any issue with the language of the indictment." Trial counsel confirmed on cross-examination that the indictment tracked the language of the statute.

Trial counsel also explained on cross-examination that if there were apparent inconsistencies in testimony by a witness he "would have pointed out and argued that to the jury." Trial counsel admitted that there were "probably a lot of things [he] could have done different[ly], but nothing . . . to reach a different result."

At the conclusion of the hearing, the post-conviction court denied relief. The post-conviction court determined that trial counsel was credible and was candid about "what he did or didn't do in the case." With regard to Petitioner's complaint that trial counsel failed to present certain witnesses at trial, the post-conviction court noted that Petitioner failed to

- 3 -

"offer any proof" at the hearing about which witnesses trial counsel failed to call or what proof they would have offered. Additionally, the post-conviction court noted that Petitioner did not show how testimony from these witnesses would have changed the outcome of trial.

With regard to trial counsel's failure to present evidence on Petitioner's behalf, the post-conviction court noted that Petitioner failed to present any evidence that would have made a difference at trial or that trial counsel failed to present that would have changed the outcome of the case. Similarly, the post-conviction court found that there was no indication that Petitioner or the victim needed a mental health evaluation or that the outcome of the case would have changed had there been a mental health evaluation performed. Likewise, the post-conviction court found no deficiency with regard to trial counsel's impeachment of L.B.

The post-conviction court also determined that Petitioner failed to prove that trial counsel was ineffective for failing to investigate or that there were discovery violations prior to trial. With regard to the indictment, the post-conviction court determined that there was no defect and that Petitioner was aware of the charges that he faced. Finally, the post-conviction court determined that any other issues not raised were waived.

In a written order, the post-conviction court again denied relief. Petitioner appealed.

*Analysis*

On appeal, Petitioner argues the post-conviction court erred in denying the petition for relief. Specifically, Petitioner complains that trial counsel's representation was deficient because he failed to research a fatal variance in the indictment, failed to have Petitioner evaluated for competency, failed to investigate the victim's credibility, and failed to impeach the victim and other witnesses. The State insists that Petitioner has not provided clear and convincing proof that trial counsel failed to provide him with constitutionally competent representation or that deficiencies in representation led to prejudice.

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, a post-conviction court's findings of fact are conclusive unless the evidence preponderates otherwise. *Vaughn v.*

*State*, 202 S.W.3d 106, 115 (Tenn. 2006). Accordingly, questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court, and an appellate court may not substitute its own inferences for those drawn by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Ineffective Assistance of Counsel*

Both the Sixth Amendment to the Constitution of the United States and article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. *See Davidson v. State*, 453 S.W.3d 386, 392-93 (Tenn. 2014). In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two-prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that counsel's performance was deficient and that the deficiency prejudiced the defense. *See State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the same standard for determining ineffective assistance of counsel applied in federal cases also applies in Tennessee). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997). "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999).

Even if a petitioner shows that counsel's representation was deficient, the petitioner must also satisfy the prejudice prong of the *Strickland* test in order to obtain relief. The question is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364,

372 (1993). A petitioner must show that there is a reasonable probability "sufficient to undermine confidence in the outcome" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694).

Here, Petitioner complained about trial counsel's failure to point out a fatal variance between the indictment and proof and that the use of the word "with" in the indictment was confusing. However, Petitioner was convicted of a lesser-included offense and on direct appeal, this Court determined that the proof was sufficient to support the conviction. *Kelvin Dewayne Golden*, 2019 WL 3412527, at *2. The post-conviction court determined that Petitioner failed to prove his allegations by clear and convincing evidence and we agree. Moreover, Petitioner failed to show prejudice.

With respect to his own competency, Petitioner failed to present any evidence at the post-conviction hearing, other than his own opinion, as to what a mental health evaluation would have shown. Likewise, Petitioner failed to present any evidence about inconsistencies in the victim's testimony that would have affected the outcome at trial. Finally, with regard to trial counsel's alleged failure to investigate, Petitioner presented no proof that trial counsel failed to prepare for trial or present witnesses.

> [W]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, . . . the petitioner [must prove] that (a) a material witness existed and the witness could have been discovered but for counsel's neglect in his investigation of the case, (b) a known witness was not interviewed, (c) the failure to discover or interview a witness inured to his prejudice, or (d) the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner.

*Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Petitioner has failed to prove his allegations of ineffective assistance of counsel by any measure of competent evidence, let alone clear and convincing evidence. Petitioner is not entitled to relief on this issue.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE

- 6 -